UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CITY BEVERAGES LLC,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>CROWN IMPORTS LLC et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:22-cv-05756-DGE<br><br>ORDER ON MOTION TO STAY DEADLINES (DKT. NO. 85) |

　　　　This matter comes before the Court on the parties' stipulated motion to stay deadlines. (Dkt. No. 85.)

　　　　Plaintiff City Beverages L.L.C. ("Olympic Eagle"), Defendants Crown Imports LLC and Constellation Brands, Inc. (collectively, "Constellation"), and non-party CoHo Distributing LLC ("Columbia") hereby agree that:

　　　　1.　　Constellation issued a notice of termination to Olympic Eagle dated September 8, 2022, giving notice that Constellation was terminating Olympic Eagle's distribution rights under

ORDER ON MOTION TO STAY DEADLINES (DKT. NO. 85) - 1

1  Constellation and Olympic Eagle's October 22, 2003 Distribution Agreement. The distribution
2  rights were to be transferred to Columbia effective November 9, 2022.

3   2.   On December 12, 2023 the Court granted Olympic Eagle's Motion for a
4  preliminary injunction. See Dkt. # 51 ("Preliminary Injunction Order").

5   3.   The Preliminary Injunction states that "Defendants are ENJOINED from
6  terminating the Distribution Agreement without cause."

7   4.   Constellation appealed the Court's Preliminary Injunction Order, and on July 20,
8  2023 the Ninth Circuit Court of Appeals vacated and remanded the Preliminary Injunction Order
9  ("Panel Decision").

10  5.   The Parties acknowledge that the Preliminary Injunction Order remains in effect
11  and binding on the Parties until the Ninth Circuit issues a mandate that dissolves the Preliminary
12  Injunction Order ("Mandate").

13  6.   On July 25, 2023 Olympic Eagle informed the Ninth Circuit that it intends to seek
14  a rehearing and/or rehearing on banc of the Panel Decision and requested a 21-day extension of
15  the deadlines to file the motion.

16  7.   On July 26, 2023 the Ninth Circuit granted Olympic Eagle's 21-day extension
17  request.

18  8.   On July 21, 2023 Constellation issued notice to Olympic Eagle (the "Termination
19  Notice") stating that it "is terminating the Distribution Agreement dated October 22, 2003."

20  9.   The Termination Notice provides that Olympic Eagle "has 60 days from today's
21  date, or five days following the issue of the Ninth Circuit's mandate . . . whichever is later, to
22  transfer its rights to distribute Subject Beverages . . . to Columbia."

10. The Termination Notice further states that until the distribution rights are transferred, Constellation "will conduct business as usual and devote efforts to minimize any disruption in" Olympic Eagle's territory.

11. Pursuant to RCW 19.126.040:

(2) A supplier must give the wholesale distributor at least sixty days prior written notice of the supplier's intent to cancel or otherwise terminate the agreement, unless such termination is based on a reason set forth in RCW 19.126.030(5) or results from a supplier acquiring the right to manufacture or distribute a particular brand and electing to have that brand handled by a different distributor. The notice must state all the reasons for the intended termination or cancellation. Upon receipt of notice, the wholesale distributor has sixty days in which to rectify any claimed deficiency. If the deficiency is rectified within this sixty-day period, the proposed termination or cancellation is null and void and without legal effect;

(7) In the event the terminated distributor and the successor distributor do not agree on the fair market value of the affected distribution rights within thirty days after the terminated distributor is given notice of termination, the matter must be submitted to binding arbitration. Unless the parties agree otherwise, such arbitration must be conducted in accordance with the American arbitration association commercial arbitration rules with each party to bear its own costs and attorneys' fees;

(8) Unless the parties otherwise agree, or the arbitrator for good cause shown orders otherwise, an arbitration conducted pursuant to subsection (7) of this section must proceed as follows: (a) The notice of intent to arbitrate must be served within forty days after the terminated distributor receives notice of terminated distribution rights; (b) the arbitration must be conducted

within ninety days after service of the notice of intent to arbitrate; and (c) the arbitrator or arbitrators must issue an order within thirty days after completion of the arbitration;

12. The parties and Columbia agree that the Termination Notice seeks to terminate Olympic Eagle without cause under RCW 19.126.040(4). The parties and Columbia further agree that Columbia is a "successor distributor" that is responsible to pay Olympic Eagle the fair market value of the distribution rights in the event that Olympic Eagle is terminated. RCW 19.126.040(5)–(7).

13. Notwithstanding the timelines provided in the Termination Notice, the parties and Columbia agree that Olympic Eagle will not be terminated or obligated to transfer the distribution rights to Columbia until 60 days from the date of the Termination Notice, or 30 days after the Ninth Circuit's Mandate issues in City Beverages, LLC v. Crown Imports, LLC, Case No. 23-35010, whichever is later.

14. Columbia and Olympic Eagle hereby stipulate and agree under RCW 19.126.040(8) to modify the presumptive deadlines set forth in RCW 19.126.040(7)–(8), and Constellation does not oppose that agreement. Specifically, Columbia and Olympic Eagle agree as follows:

a. In the event that the termination contemplated by the Termination Notice becomes effective, and Olympic Eagle and Columbia do not agree on the fair market value of the affected distribution rights within thirty-five days following the issue of the Ninth Circuit's Mandate in City Beverages, LLC v. Crown Imports, LLC, Case No. 23-35010, the matter must be submitted to binding arbitration; and

      b.      The notice of intent to arbitrate must be served within forty-five days after the issue of the Ninth Circuit's Mandate in City Beverages, LLC v. Crown Imports, LLC, Case No. 23-35010.

      15.      Nothing in this Stipulation shall be construed as a waiver by either party of any claims, defenses, or any other rights related to this dispute.  For the avoidance of doubt, Olympic Eagle disputes Constellation's right to terminate the distribution agreement.

The Court hereby ORDERS the foregoing stipulation be entered into the record.

DATED this 18th day of August, 2023.

Dated this 28th day of August 2023.

David G. Estudillo
United States District Judge